http://www.va.gov/vetapp16/Files4/1634342.txt

Citation Nr: 1634342 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 08-27 935 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
Seattle, Washington

THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim for service connection for post-traumatic stress disorder (PTSD); and if so, whether the criteria for service connection are met, on the basis of substitution.

2. Entitlement to service connection for residuals of a left foot injury, on the basis of substitution.

WITNESSES AT HEARING ON APPEAL

The Veteran and M.R.

ATTORNEY FOR THE BOARD

Mary C. Suffoletta, Counsel 

INTRODUCTION

The Veteran served on active duty from August 1961 to September 1964. He died in August 2012. The appellant is the Veteran's widow.

These matters initially came to the Board of Veterans' Appeals (Board) on appeal from a May 2007 decision of the RO that declined to reopen a claim for service connection for PTSD on the basis that new and material evidence had not been received; and denied service connection for residuals of a left foot injury. Prior to his death, the Veteran timely appealed.

In August 2010, the Veteran testified during a videoconference hearing before a former Veterans Law Judge. In October 2010, the Board remanded the matters for additional development. Specifically, the RO or VA's Appeals Management Center (AMC) was requested to make additional attempts to locate missing records, and then provide appropriate notice of the records still outstanding and invite the Veteran to submit additional evidence. The Board also noted that the Veteran changed his name in 1984, which should be considered in attempts to locate missing records.

Because the Veteran died during the pendency of his appeal, the issues shown on the title page were considered "pending" for the purposes of determining accrued benefits based on the appellant's DIC claim, and also for benefits as a substitute party based on the Veteran's original July 26, 2005 claim. Benefits based on the Veteran's original claim are determined as if he were alive, with the appellant named as his substitute, with evidentiary development allowed. Accrued benefits are decided based on the evidence of record at the time of the Veteran's death.

VA revised 38 C.F.R. § 3.1010(g)(1) to allow a substitute to continue an appeal of a decision on a claim during the one-year substitution period prescribed in 38 U.S.C.A. § 5121A(a)(1). In this case, the Veteran died in August 2012, after an appeal of the decision on the claims had been filed and before the Board issued a final decision in the appeal. Therefore, the appeal is considered pending on the date of the Veteran's death. Thus, the appellant had one year from the date of the Veteran's death (the substitution period described in 38 U.S.C.A. § 5121A(a)(1)) to file as a substitute for the Veteran. In October 2012, the appellant filed an application (VA Form 21-534) for dependency and indemnity compensation (DIC), death pension, and accrued benefits. VA interprets DIC claims to include a request to substitute.

Hence, in October 2012, the Board dismissed the Veteran's appeal due to his death. 38 U.S.C.A. § 7104(a) (West 2014). In the dismissal, the Board noted that the Veteran's widow requested to be substituted as the appellant for purposes of processing the current appeal to completion. The matter regarding basic eligibility for substitution was referred to the RO in the first instance. Although the appellant's application for DIC, death pension, and accrued benefits was adjudicated by the RO in March 2013 and is not before the Board, no action has been taken by the RO regarding her basic eligibility for substitution for completion of the current appeal. The Board does not have jurisdiction to make determinations regarding basic eligibility to substitute in the first instance. See 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.201(a). 

Accordingly, the issue of basic eligibility for substitution has been raised by the record in an October 2012 DIC application, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The appeal is REMANDED to the AOJ. VA will notify the appellant when further action is required.

REMAND

As noted above, the Board has referred the matter of basic eligibility for substitution, back to the AOJ for adjudication. The determination of this referred claim could markedly affect the determination of the appellant's claims for whether new and material evidence has been submitted to reopen a claim for service connection for PTSD, and for service connection for residuals of a left foot injury-each on the basis of substitution. 

Hence, any action on the current appeal must be deferred on remand until the matter of the appellant's basic eligibility for substitution is addressed. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered).

Accordingly, the case is REMANDED for the following action:

The RO or AMC must review the claims file and ensure that all notification and development action required by the VCAA are fully complied with and satisfied. Specifically, the RO or AMC should notify the appellant of the information and evidence needed to establish basic eligibility for substitution. All appropriate development, if warranted, should be conducted. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
H. N. SCHWARTZ
 Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).